IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRELL D. CLARK,

        Plaintiff/Judgment-Creditor,

v.                                                           Case No. 25-2214

BRANDI P. SOUZA,

        Defendant/Judgment-Debtor,

FIRST CHICAGO INSURANCE COMPANY,

        Garnishee.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion to remand the garnishment action back to state court. (Doc. 10.) The motion is fully briefed and ripe for decision. (Docs. 10, 15, 18.) Additionally, the court considers First Chicago Insurance Company's ("First Chicago") motion for an order to declare Defendant Brandi P. Souza a nominal party or alternatively realign the parties.[1] (Doc. 20, 21.) The motion to remand is DENIED, and the motion to declare Souza as a nominal party or to realign the parties is GRANTED for the reasons stated herein.

**I.    Facts**

On July 3, 2023, Plaintiff Terrell D. Clark filed suit in Kansas state court against Defendant Brandi P. Souza. (Doc. 1 at 1.) Plaintiff alleged that because of Defendant's negligent driving, Plaintiff sustained injuries in excess of $75,000. (*Id.* at 2.) On February 14, 2024, the state trial court entered a default judgment for $301,247.66 in favor of Plaintiff. (*Id.* at 25–26). Souza was

---

[1] Plaintiff responded to First Chicago's motion for an order declaring Souza as a nominal party or realigning Souza on the same side as Plaintiff. (Doc. 22.) First Chicago has not filed a reply brief. Nonetheless, the court was able to resolve that motion based on the materials the parties had already submitted.

1

insured by First Chicago. (*See* Complaint for Declaratory Judgment, Exhibit 1, First Chicago Ins. Co. v. Terrell D. Clark, No. 25-2074 (D. Kan. Feb. 12, 2025), Doc. 1-1.) On February 12, 2025, First Chicago filed suit in this court seeking a declaratory judgment that absolves it of liability to its insured Souza and, by extension, Plaintiff. (*See id.* at Doc. 1.) First Chicago argues that it is absolved from liability because Souza materially breached the insurance contract. (*Id.*) Then on April 16, 2025, the state trial court issued an Order of Garnishment naming First Chicago as garnishee for the full amount of damages ordered by the court in the default judgment. (Doc. 1-1 at 1–3.) In response, on April 21, 2025, First Chicago filed a Notice of Removal to remove the garnishment action to this court. (*See* Doc. 1.)

Plaintiff and Souza are citizens of Kansas (Doc. 1 at 2), and First Chicago is an Illinois corporation. (*Id.* at 3.) Plaintiff filed a motion to remand the garnishment action back to the state trial court on the grounds that complete diversity of citizenship does not exist between the parties, so jurisdiction cannot be maintained. (Doc. 10.) First Chicago also filed a motion requesting this court to determine if Souza is a nominal party, or in the alternative, realign the parties. (Docs. 20, 21.) Those determinations bear directly on whether this court has subject matter jurisdiction over the present garnishment action. Thus, the court addresses both motions in this order.

**II.     Standard**

Under 28 U.S.C. § 1447(c), a district court must remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013). The party removing an action to federal court has the burden to establish that federal jurisdiction exists. *Id.*; *Christensen v. BNSF Ry. Co.*, 242 F. Supp. 3d 1186, 1189 (D. Kan. 2017). "Doubtful cases must be resolved

in favor of remand." *Thurkill v. The Menninger Clinic, Inc.*, 72 F. Supp. 2d 1232, 1234 (D. Kan. 1999).

**III.    Analysis**

The court must first determine whether the garnishment action is a separate civil action that can be properly removed to federal court, for if the garnishment proceeding is not a separate action, the proceeding must remain in state court in accordance with fundamental principles of comity and federalism.  *See Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990) (noting that "[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary").  The court will then turn to First Chicago's substantive arguments for establishing subject matter jurisdiction over the present garnishment action: (1) the parties should be realigned to preserve complete diversity between the parties, or (2) Souza should be classified as a nominal party to maintain complete diversity.  (*See* Doc. 1 at 2–3; Doc. 21 at 3–5.)

For the reasons stated herein, the court finds that garnishment proceedings are separate civil actions and that it has subject matter jurisdiction over the present dispute.

**A.  Garnishment Action**

A district court may exercise removal jurisdiction over "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "This Court has held that garnishment proceedings initiated in state court are original and independent causes of action and are properly removable under federal courts' diversity jurisdiction."[2]  *Paxson v. Estate of Lane by Palmateer*, No. 24-CV-01076-EFM-GEB, 2024 WL

---

[2] Other district courts have addressed a concern regarding comity between sovereigns when garnishment actions are treated as separate civil actions and are, therefore, subject to removal.  *See Armentrout v. Atlantic Cas. Ins. Co.*, 731 F.Supp.2d 1249, 1259 (S.D. Ala. 2010) (noting that because garnishment proceedings are entirely separate from final

4227246, at *1 (D. Kan. Sep. 18, 2024) (citing *Handshumaker v. Vanglider*, No. 15-11-28-MLB, 2015 WL 5032054, at *3 (D. Kan. Aug. 25, 2015)).

Additionally, because a garnishment proceeding is a "distinct civil action[,]" the time limits that govern removal in 28 U.S.C. § 1446(b) commence on the date of the garnishment proceeding rather than upon service of the underlying lawsuit. *Nungesser v. Bryant*, No. 07-1285-WEB, 2007 WL 4374022, at *6 (citing *Smotherman v. Caswell*, 755 F.Supp. 346 (D. Kan. 1990)). Pursuant to § 1446(b)(1), First Chicago had 30 days from April 16, 2025, to file a notice of removal—the date it received the state trial court's order of garnishment. (Doc. 1 at 2.) First Chicago filed its notice of removal on April 21, 2025, well within the 30-day timing requirement.

Therefore, because garnishment proceedings are considered independent causes of actions and the proceeding here was timely removed, the court now considers whether it has subject matter jurisdiction.

**B. Realignment**

In the context of diversity jurisdiction, realignment is the legal doctrine that instructs federal courts to realign parties to a dispute according to their "actual interests" to either dispose of or establish subject matter jurisdiction. *See Symes v. Harris*, 472 F.3d 754, 761 (10th Cir. 2006) (citing *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69-70 (1941)). Here, because Plaintiff and Souza are citizens of the same state, the requirements for diversity of citizenship are not met based solely on the pleadings. *See* 28 U.S.C. § 1332. Hence, First Chicago rightly argues that either realignment or classifying Souza as a nominal party is necessary for this court to have jurisdiction over the garnishment proceeding. *See id.*

---

judgments, "there is no possibility of interfering with state proceedings," so there is low concern of interfering with state sovereignty).

"In determining whether diversity jurisdiction exists in removed garnishment actions, this Court has consistently realigned parties so that a judgment-debtor is aligned with a judgment-creditor against a garnishee." *Paxson*, 2024 WL 4227246, at *2 (citing *Handshumaker*, 2015 WL 5032054, at *4); *Oppenheimer v. Lint*, 2014 WL 3611676, at *2 (D. Kan. Jul. 22, 2014); *Kemp v. Hudgins*, 2013 WL 2631634, at *4 (D. Kan. Jun. 12, 2013). But the garnishee must first deny liability to the judgment-debtor. *See Smotherman*, 755 F. Supp. at 348. Once the garnishee denies liability, diversity jurisdiction comes into existence because the parties are realigned, and the case becomes removable. *See Gardner v. Foremost Ins. Co. Grand Rapids, Michigan*, No. 16-CV-4175-DDC-JPO, 2017 WL 2289615, at *3 (D. Kan. May 25, 2017).

First Chicago argues that this court has diversity jurisdiction over the present garnishment action because Souza, the judgment debtor, and Plaintiff should be aligned on the same side of the dispute for diversity jurisdiction purposes. (Doc. 21 at 4.) First Chicago has denied liability to Souza in its complaint filed in a parallel case in February. (*See* Complaint for Declaratory Judgment, First Chicago Ins. Co. v. Terrell D. Clark, No. 25-2074 (D. Kan. Feb. 12, 2025), Doc. 1 at 13–14.) Plaintiff contends, however, that realignment cannot give rise to diversity jurisdiction in this matter because First Chicago did not properly trigger realignment. According to Plaintiff, to trigger realignment in a garnishment action, the garnishee must deny liability to the judgment-debtor in its *answer* to the garnishment action. (*See* Doc. 10 at 3; *see* Doc. 18 at 2.)

Hence, the realignment question in this matter is whether First Chicago's denial of liability in the parallel proceeding is sufficient to realign Plaintiff and Souza on the same side of the docket to establish diversity jurisdiction.

Plaintiff supports his argument by citing cases wherein the denial of liability occurred in an answer to the garnishment action. *See Gruber v. Est. of Marshall*, 229 F. Supp. 3d 1245, 1252

5

(D. Kan. 2017) (garnishees denied liability in their answer); *see Gardner*, 2017 WL 2289615, at *3 (when garnishee denied liability in its answer, the case became removable). Relying on the factual circumstances from these cases, Plaintiff crafts a legal rule that requires parties to deny liability in an answer to the garnishment action before seeking removal.

As already discussed, though, case law indicates that there is a temporal requirement to denying liability rather than a specific pleading requirement. For example, in the cases cited by Plaintiff, the emphasis is not on how the garnishee denied liability, but *when* it denied liability. *See Gruber*, 229 F. Supp. 3d at 1252 ("But, diversity of citizenship did not exist until Garnishees served their Answer denying liability and thus requiring realignment of the parties for diversity purposes."); *see Gardner*, 2017 WL 2289615, at *3 ("Diversity jurisdiction existed *once* Foremost denied liability."). Likewise, in *Smotherman*, there is no discussion as to how a garnishee must deny liability, just that it must do so before parties can be realigned for determining diversity jurisdiction. *See Smotherman*, 755 F. Supp. at 348.

Plaintiff's legal rule misses the mark. He is correct that a denial of liability must take place before removal, but he incorrectly emphasized how it should be done. Instead, a garnishee need only deny liability *before* the parties can be realigned to establish diversity jurisdiction—whether that be in an answer to the garnishment action, or as it took place here, in a garnishee's complaint in a parallel proceeding where it is seeking a declaration that there is no coverage for the judgment-debtor.

Applying that rule here, Plaintiff and Souza are aligned on the same side of the docket for diversity jurisdiction reasons because First Chicago denied liability before it removed the garnishment action to federal court. First Chicago denied liability against Souza on February 12, 2025, when it filed its complaint in the parallel declaratory judgment action. (Complaint for

6

Declaratory Judgment, First Chicago Ins. Co. v. Terrell D. Clark, No. 25-2074 (D. Kan. Feb. 12, 2025), Doc. 1 at 14.) Therein, it denied liability by asserting it "owes no defense or indemnity obligations to Souza in connection with the . . . Default Judgment." (*Id.* at 14.) The garnishment action commenced April 16, 2025. (Doc. 1-1 at 1–3.) Thus, as soon as the garnishment action commenced, Plaintiff and Souza were realigned to the same side of the docket, establishing diversity jurisdiction, because First Chicago had already denied liability in the parallel proceeding. First Chicago could then properly remove the garnishment proceeding to federal court, which it did here.

This conclusion is bolstered by the court's duty to "look beyond the pleadings" when determining whether diversity jurisdiction exists. *Nungesser*, 2007 WL 4374022, at *8. By looking beyond the pleadings, the court finds realignment of the parties is proper. First Chicago denied liability to the judgment-debtor, Souza, in a parallel proceeding. And because Plaintiff is trying to recover what he alleges First Chicago owes Souza, First Chicago's "denial of liability is as if it denied liability" to Plaintiff. *Paxson*, 2024 WL 4227246, at *2.

Therefore, Plaintiff and Souza's interests are realigned as being on the same side of the docket in the present garnishment proceeding. Accordingly, diversity jurisdiction exists, and First Chicago properly removed the case to federal court.

### C. Nominal Party

Alternatively, even if realignment were improper, complete diversity is maintained because Souza is a nominal party. "[I]n determining the question whether diversity of citizenship requisite to jurisdiction exists, a court looks to the citizenship of the real parties in interest; and where there is complete diversity between them, the presence of a nominal party with no real interest in the controversy will be disregarded." *Dodson Aviation, Inc. v. HLMP Aviation Corp.*, No. 08-4102-

7

EFM, 2009 WL 1036123, at *2 (D. Kan. Feb. 12, 2009) (quoting *Hanna v. City of Clinton, Oklahoma*, 131 F.2d 978, 981 (10th Cir. 1942)). For questions of removal, the Tenth Circuit does not appear to have defined "nominal party." *See Paxson*, 2024 WL 4227246, at *2. In *Paxson*, Progressive Direct Insurance Company was the subject of a garnishment action. *Id*. at *1-3. The garnishment proceeding in *Paxson* otherwise resembled the facts in the present case. *Id.* The *Paxson* court noted, "The state court already adjudicated [the plaintiff's] complaint against the [judgment-debtor] . . . Because [the plaintiff's] present cause of action is directed toward Progressive [the garnishee], [the judgment-debtor] is not necessary to the complete adjudication of this controversy." *Id.* at *3. Similarly, here, because the state court entered a judgment in favor of Plaintiff; now, the garnishment action is aimed solely at First Chicago. (*See* Doc. 21-1.) Indeed, Plaintiff's legal counsel informed Souza that they were not proceeding against her personally to recover damages, but that they would seek it from her insurer: First Chicago. (*Id.*) Thus, Souza, the judgment-debtor, is a nominal party because she is not necessary to completely adjudicate the present controversy, *see Paxson*, 2024 WL 4227246, at *3, resulting in the actual parties being First Chicago (an Illinois corporation) and Plaintiff (an individual domiciled in Kansas).

## IV.     Conclusion

THEREFORE, First Chicago's motion to declare Defendant Brandi P. Souza as a nominal party and realign the parties is GRANTED. Moreover, whether by realignment or classifying Souza as a nominal party, the real parties at issue are citizens from different states. Hence, Plaintiff's motion to remand (Doc. 10) is DENIED because complete diversity exists, and this court has subject matter jurisdiction over this garnishment action.

IT IS SO ORDERED.  Dated this 23rd day of July, 2025.

        s/ John W. Broomes
        JOHN W. BROOMES
        UNITED STATES DISTRICT JUDGE