UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FIRST CHICAGO INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>TERRELL D. CLARK and BRANDI P. SOUZA,<br><br>    Defendants. | Case No. 25-2074-JWB-BGS (Lead Case) |
| TERRELL D. CLARK,<br><br>    Plaintiff/Judgment-Creditor,<br><br>    v.<br><br>BRANDI P. SOUZA,<br><br>    Defendant/Judgment-Debtor.<br><br>    and<br><br>FIRST CHICAGO INSURANCE COMPANY,<br><br>    Garnishee. | Case No. 25-2214-JWB-BGS |

**MEMORANDUM AND ORDER**
**GRANTING IN PART MOTION TO CONSOLIDATE**

This matter comes before the Court on First Chicago Insurance Company's ("First Chicago") Motion to Consolidate. Doc. 22 in Case No. 25-2074; Doc. 24 in Case No. 25-2214-JWB-BGS. By way of this motion, First Chicago asks the Court to consolidate the above-captioned cases, which are a declaratory judgment action and a related garnishment proceeding. Terrell Clark ("Clark") informed the Court via email that he does not oppose the motion. For the reasons stated

1

herein, the Court **GRANTS in part** the request to consolidate.

### I. Background

The declaratory action—Case No. 25-2074—involves an insurance coverage dispute arising from a motor vehicle collision, in which Clark was allegedly injured while riding as a passenger in a vehicle driven by Brandi P. Souza ("Souza"). *See generally* Doc. 1 in Case No. 25-2074. Clark filed suit against Souza in state court, seeking personal injury damages, which resulted in a default judgment of over $300,000 against Souza. *Id.*, at ¶ 5, 6. The complaint alleges that Souza failed to report the incident to First Chicago and did not respond to any communications from the insurer regarding the claim. *Id.*, at ¶ 12-19. First Chicago alleges it was unaware of the lawsuit and the default judgment until months after the underlying lawsuit was filed and Souza was served. *Id.*, at ¶ 26, 59. Further, First Chicago alleges that Souza did not cooperate with it or the defense counsel it appointed to defend her, and failed to provide necessary information and attend legal proceedings. *Id.*, at ¶ 41, 62.

First Chicago thus seeks a declaratory judgment that it owes no coverage to Souza due to her numerous breaches of the insurance policy terms, which include failing to report the incident, not cooperating with the insurer, and not forwarding legal documents. Alternatively, if coverage is not entirely barred, First Chicago requests a declaration that any indemnity obligation is limited to the policy's $25,000 bodily injury liability limit. *Id.*, at ¶ 57.

In a related garnishment action (Case No. 25-2214), Clark is attempting to garnish First Chicago, Souza's insurer, pursuant to K.S.A. 60-732. Clark filed an order of garnishment and First Chicago removed the action to federal court on April 21, 2025. *See generally* Doc. 1 in Case No. 25-2214. The garnishment action pertains to the same underlying motor vehicle collision action in Case No. 25-2074. An initial order has not been entered in either case.

On April 23, 2025, First Chicago filed a motion to consolidate the two cases and a motion to

declare Souza a nominal Defendant in the declaratory judgment action (Case No. 25-2074). The Court held a hearing on the two motions and denied both without prejudice due to a motion to remand that was pending in the garnishment action (Case No. 25-2214). After the hearing, the Court stayed both actions pending a ruling on the motion to remand because the outcome of that motion would impact how the two cases would move forward. First Chicago also refiled its motion to declare Souza a nominal Defendant—this time in the garnishment action. The District Judge denied the motion to remand and granted the motion to declare Souza a nominal party on July 23, 2025. *See* Doc. 23 in Case No. 25-2214.

On July 24, 2025, First Chicago renewed its request to consolidate the two matters and filed its motion in both cases. *See* Doc. 22 in Case No. 25-2074; Doc. 24 in Case No. 25-2214-JWB-BGS. Clark informed the Court via email that he does not oppose the motion. The Court is therefore prepared to rule.

## II. Consolidation

A court may consolidate actions if they involve a "common question of law or fact." Fed. R. Civ. P. 42(a)(2). The decision whether to consolidate such actions is left to the trial court's sound discretion. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). "The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause." *Id.* Courts also consider (1) whether the relief sought varies substantially between the two actions; (2) whether defendants are being sued in different capacities; and (3) what would be gained by consolidation and what injury would be suffered by failure to consolidate. *Id.* Courts should also consider whether judicial efficiency is best served by consolidation. *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008).

The Court finds that consolidation of the cases is appropriate for discovery purposes. Both actions arise from the same motor vehicle accident in which Clark was allegedly injured. They both

share common questions of law such as whether the First Chicago insurance policy provides coverage for the default judgment against Souza. Moreover, each action shares the same parties: First Chicago, Clark, and Souza. Consolidation would also promote judicial economy by eliminating duplication in discovery.

The Court agrees that the cases have common questions of law and involve an overlapping set of operative facts. Further, consolidation would conserve the parties' resources and promote judicial economy. Therefore, consolidation of these actions under Rule 42(a)(2) for purposes of discovery is warranted. First Chicago's motions for consolidation are **GRANTED** for the purposes of the discovery phase of the actions. To the extent the motions seek consolidation for trial, they are **DENIED without prejudice** as premature. The Court will discuss the issue of consolidation for trial at the scheduling conference.

*First Chicago Ins. Co. v. Clark,* Case No. 25-2074, is designated as the lead case (the "Declaratory Judgment Action"). All papers and documents previously filed and/or served in the garnishment action shall be deemed a part of the record in these consolidated matters. All future non-dispositive filings in the consolidated action should be made only in Case No. 25-2074-JWB-BGS, double-captioned as set forth above, unless a filing concerns a matter unique to only one of the cases.

**IT IS THEREFORE ORDERED** that First Chicago's motions to consolidate (Doc. 22 in Case No. 25-2074; Doc. 24 in Case No. 25-2214-JWB-BGS) are **GRANTED in part and DENIED in part** as set forth above.

**IT IS FURTHER ORDERED** that *First Chicago Ins. Co. v. Clark,* Case No. 25-2074, and *Clark v. Souza*, Case No. 25-2214-JWB-BGS, are hereby consolidated for purposes of discovery. The lower-numbered case, *First Chicago Ins. Co.*, is designated as the lead case. Unless a filing concerns a matter unique to only one of the cases, all future non-dispositive filings in the

consolidated action are to be made only in the lead case until further order.

**IT IS SO ORDERED**.

Dated July 31, 2025, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge